*Preliminary Hearing*

AO 432 (Rev. 2/84)

Administrative Office of the United States Courts

# WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | | | | PAGE NUMBER | |
|---|---|---|---|---|---|---|---|
| 4-25-07 | 07-76 M (MPT) | Golden | | | | 1 | |

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| Diane Iardella, Special Agent ATF | 4:45pm | 4:53pm | — | — | Judge Thynge |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Complaint | 1 | yes |

FILED
APR 25 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE



## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

AARON L. HURTT,
        Defendant.

Criminal Complaint

CASE NUMBER: 07-76M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 22, 2007 in the District of Delaware, Defendant AARON L. HURTT did: (1) knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title  18  United States Code, Section(s)  922(g)(1) and 924(a)(2); and .

(2) knowingly possess in and affecting interstate commerce, ammunition, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title  18  United States Code, Section(s)  922(g)(1) and 924(a)(2).

I further state that I am a(n)  Special Agent, ATF  and that this complaint is based
                                  Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:  Yes

_____
Diane Iardella
Special Agent, ATF

Sworn to before me and subscribed in my presence,

April 23, 2007                          at    Wilmington, DE
Date                                                        City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer            Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DIANE M. IARDELLA

    1.    Your affiant is Special Agent Diane M. Iardella. Your affiant has been a law enforcement officer for over 18 years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Agent Training Course. I have been involved in the investigation of approximately 200 cases involving firearms violations. I have participated in the seizures of approximately 800 firearms and the seizures of approximately 20,000 rounds of ammunition. I have previously qualified as an expert witness regarding the identification, origin and classification of firearms in the U.S. District Court for the District of Delaware.

    2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

    3. The seizure of all the below stated evidence occurred on April 22, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

    4. Your affiant reviewed the computer criminal history information for the Defendant Aaron Hurtt from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Possession With Intent to Deliver a Non Narcotic Schedule I Controlled Substance from on or about 9/7/04 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from DELJIS that the defendant has a prior felony conviction for Receiving a Stolen Firearm from on or about 3/29/04 in the Superior Court of Delaware, a crime punishable by imprisonment for a term exceeding one year.

    5. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts I learned the following. On 4/22/07, Wilmington Police responded to a 911 hang-up call in a certain location in the city of Wilmington. The call involved a female screaming and then the hang-up. Wilmington Police officers were met at the door by the victim who stated "my boyfriend beat me up and I want him arrested". The victim had a bloody lip. Wilmington Police officers entered the residence and spoke with the owner of the apartment. In the kitchen the defendant Aaron Hurtt, the boyfriend of the victim, was located. Hurtt and the victim started yelling at each other. Wilmington Police separated the two and took Hurtt into the living room with the owner of the apartment. While in the living room, the owner indicated that the victim was the cause of the trouble. Wilmington Police officers observed a blunt, consistent with a marijuana cigarette, on the floor. The officers asked who's blunt it was. Hurtt stated it's not mine, go ask the victim. The victim stated how's he going to say that's mine, he's got a gun. I'll show you where it is. Wilmington Police advised that Hurtt started pacing around and

shaking and that they handcuffed him at that time for officer safety. The owner of the apartment gave consent to search. The victim led police outside to the gun. Wilmington Police recovered a Winchester .22 caliber rifle, model 1906, in the rear yard on the other side of a broken fence in the brush. The rifle was in two pieces but easily assembled. The rifle was wrapped in a nightgown. The owner asked Hurtt why he used her clothes to wrap the gun in. The victim stated that the rifle was in the closet and she saw it while they were fighting. The victim stated the rifle was intact at that time. Another resident of the apartment advised Wilmington Police that Hurtt wrapped bullets in pieces of tissue and threw them out the bedroom window. Wilmington Police recovered one .22 caliber round of ammunition on the ground outside the window. Wilmington Police checked the serial number of the rifle through NCIC and learned that the rifle had been reported stolen to New Castle County PD in 2004. The owner and other resident mentioned in this paragraph are friends of the victim per the Wilmington Police Officer who handled this complaint. The victim has a pending criminal charge in which the defendant's relative is the complaining witness. The victim also has a prior adjudication of delinquency for a charge that would make her a prohibited person under Delaware State Law.

6. From training and experience, your affiant knows that the above - mentioned firearm is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

7. From training and experience, your affiant knows that the above – mentioned ammunition is ammunition as defined in 18 USC, Chapter 44, Section 921(a)(17)(A) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

8. From information provided to me by one or more Wilmington Police Officers with personal knowledge of the below facts, your affiant learned that the defendant was advised of his Miranda rights by a Wilmington Police Officer and the defendant essentially stated that he understood his rights and voluntarily waived his Miranda rights. Following the waiver of his Miranda rights, the defendant essentially told the Wilmington Police, that the gun was not his that it was the victim's.

9. Your affiant interviewed defendant Hurtt at the Wilmington Department of Police. Defendant Hurtt was re-advised of his Miranda rights by a Wilmington Police Officer in the presence of your affiant and the defendant essentially stated that he understood his rights and voluntarily waived his Miranda rights. Following the waiver of his Miranda rights, the defendant essentially told your affiant that the victim had called the cops. He stated that she had spit in his face and kept hitting him so he pushed her away. He stated that he did put his hands on the victim. He stated that she told the officer that the gun was in the backyard. Hurtt stated that the victim was on the phone with the cops and she put the gun in the backyard while he watched. He stated that the gun was the victim's and that she had found the gun in an abandoned apartment in the valley. He stated that he had looked at the gun and handled it when she found it. Hurtt stated

that the victim put the gun in the closet of the apartment and he knew that it was there. When asked if he knew about guns or ever handled one before this, Hurtt stated that awhile back he worked at a cell phone store. He stated that the owner thought he was messing with his wife and threatened to kill him so Hurtt took the owner's two guns and took them to another location and called the police. Hurtt stated that the police charged him with stealing the guns.

      Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm and ammunition, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Diane M. Iardella
Special Agent, ATF

Sworn to and subscribed in my presence
this 13 day of April 2007

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware