IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-63-JJF |
| AARON L. HURTT, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant, Aaron L. Hurtt, by and through his undersigned counsel, Edson A. Bostic, Federal Public Defender for the District of Delaware, hereby moves this Court, pursuant to the Fifth Amendment of the United States Constitution, for an Order suppressing the Government's use of any and all statements made before, during, or subsequent to, his arrest.

In support of this motion, Mr. Hurtt submits as follows:[1]

1.   On April 22, 2007, Wilmington police officers responded to a 911 "hang-up call," which involved a screaming female. The officers arrived at the location of the call, and alleged that they were met at the door by a woman, who stated "my boyfriend beat me up and I want him arrested." The officers stated that the alleged victim had a bloody lip.

2.   The officers entered the residence and spoke to the owner of the apartment. According to the officers, Mr. Hurtt, the alleged victim's boyfriend, was located in the kitchen of the

---

[1] The facts contained in paragraphs 1-12 of this motion were taken from the discovery. Mr. Hurtt cites these facts in his motion, but he does not concede that the events transpired as stated by the arresting officers. Mr. Hurtt submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

residence.

3. The officers alleged that Mr. Hurtt and the woman began to yell at each other, and the officers took Mr. Hurtt into the living room with the owner of the apartment. According to officers, the owner of the apartment stated that the alleged victim "was the cause of the trouble."

4. Officers alleged that they observed a "blunt, consistent with a marijuana cigarette, on the floor." The officers stated that they asked who the blunt belonged to, and Mr. Hurtt allegedly responded, "not mine, go ask the victim."

5. The officers stated that the alleged victim responded, "how's he going to say that's mine, he's got a gun. I'll show you where it is." The officers alleged that Mr. Hurtt started to pace and shake, and that they handcuffed him for officer safety.

6. The officers alleged that the owner of the apartment consented to a search, and the alleged victim led police to the gun, which was located in the backyard of the residence. The police subsequently recovered a firearm that was wrapped in a nightgown, and alleged that the owner of the apartment asked Mr. Hurtt why he used her clothes to wrap the firearm. The police stated that the alleged victim stated that she saw the firearm, which was previously located in a closet, while she fought with Mr. Hurtt.

7. The police officers also alleged that another resident of the apartment stated that Mr. Hurtt wrapped bullets in pieces of tissue and threw them out the bedroom window. The officers subsequently recovered one round of ammunition on the ground outside of the window.

8. The police officers checked the serial number of the firearm through NCIC, and discovered that it had been reported stolen to the New Castle County Police Department in 2004. The officers alleged that the owner of the firearm and the resident who apparently advised the police

about the location of the bullets are friends of the alleged victim.

9.    The police further noted that the alleged victim has a pending criminal charge in which Mr. Hurtt's relative is a complaining witness, and that she has a prior adjudication of delinquency for a charge that would make her a prohibited person under Delaware law.

10.    The officers interviewed Mr. Hurtt at the Wilmington Police Department after allegedly "re-advis[ing]" him of his Miranda rights. The officers alleged that Mr. Hurtt "essentially stated" that he understood and voluntarily waived his rights.

11.    Officers alleged that Mr. Hurtt stated that the alleged victim called the cops, spit in his face and hit him. Mr. Hurtt allegedly stated that he pushed the alleged victim away, and that she told the officers that the gun was located in the backyard.

12.    Mr. Hurtt also allegedly stated that the alleged victim put the firearm in the backyard while he watched, and that the gun belonged to the alleged victim, who found it in an abandoned apartment. Mr. Hurtt allegedly stated that he looked at, and handled, the gun when the alleged victim found it, and that he knew that the victim put the gun in the closet of the apartment. Finally, Mr. Hurtt allegedly stated that he had been previously charged with stealing guns.

13.    Mr. Hurtt submits that any alleged statements made before, during, or subsequent to, his arrest should be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement).

14.    Here, Mr. Hurtt did not knowingly, intelligently and voluntarily waive his Miranda rights. "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably

3

determined." Jackson v. Denno, 378 U.S. 368, 380 (1964).  Once the defendant challenges the admissibility of an alleged statement, the Government bears the burden of establishing compliance with Miranda and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights.  Id. at 444.

15. Mr. Hurtt reserves the right to file a Memorandum of Law in support of his Motion to Suppress Statements after the completion of an evidentiary hearing in this matter.

**WHEREFORE,** Mr. Hurtt respectfully submits that this Court conduct an evidentiary hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all statements made before, during, or subsequent to, his arrest.

Respectfully submitted,

/s/
Edson A. Bostic
Federal Public Defender

Attorney for Aaron L. Hurtt

Federal Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010

Dated: July 10, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-63-JJF |
| | : | |
| AARON L. HURTT, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW**, this ____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

Any statements made by the Defendant to law enforcement officials on April 22, 2007, are hereby **SUPPRESSED**. Such statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Joseph J. Farnan
United States District Court Judge