IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 07-063-JJF |
| | : |
| AARON L. HURTT, | : |
| | : |
| Defendant. | : |

**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

**NOW COMES** the United States of America, by and through its undersigned attorneys, and hereby responds to Defendant's Motion to Suppress Statements (D.I. 16), as follows:

1. Defendant predicates his Motion on the bald assertion that any and all statements he made in the presence of Wilmington Police Officers should be suppressed – apparently regardless of whether or not said statements were made while he was in custody – since he "did not knowingly, intelligently and voluntarily waive his" rights articulated in Miranda v. Washington, 384 U.S. 436 (1966). (D.I. 16 ¶ 13). Prior to addressing the merits of this argument, this Response will first set forth the relevant factual circumstances surrounding the defendant's arrest and statements.

**Factual Background**

2. On April 22, 2007, Wilmington Police Officers Alex Schupp and Thomas Ragonese responded to 908 Madison Street, Apartment 2 in reference to a 911 "hang up" call. Upon their arrival they were greeted by Cathy Alfaro who stated that she called 911 because her boyfriend, Aaron Hurtt, struck her during an argument. She also stated that the defendant fled on

foot outside the apartment, leaving through a rear window down the fire escape and into the rear yard.

3. After the officers entered the apartment, they found the defendant seated on a chair in the kitchen. At that time, Hurtt appeared nervous and was sweating profusely. Officer Ragonese began to interview the defendant in the kitchen with Ms. Alfaro present, but eventually took Hurtt into the living room to continue the interview since Alfaro and Hurtt were arguing.

4. After bringing the defendant into the living room of the apartment, Officer Ragonese noticed what appeared to be a brown, marijuana-like cigarette. After Officer Ragonese retrieved the item, the defendant stated that the cigarette was not his, but belonged to Ms. Alfaro. This statement, overheard by Ms. Alfaro, led Alfaro to state "How's he going to say that's mine. He's got a gun. I'll show you where it is." Officer Ragonese then put the defendant into handcuffs for his safety.

5. Ms. Alfaro directed Officer Schupp to an area in the rear yard, where he retrieved a dismantled Winchester .22 caliber rifle (Model # 1906, serial # 561985) that was wrapped in a purple and white checkered cloth. When Officer Schupp returned with the rifle, Officer Ragonese placed the defendant under arrest and informed him of his <u>Miranda</u> rights. Officer Ragonese also informed the defendant that he was not going to ask him any questions at that moment, but may ask him questions at a later point.

6. After his arrest, the defendant was brought back to Wilmington Police Headquarters. Officers Ragonese and Schupp contacted Alcohol Tobacco and Firearms Special Agent Diane Iardella in regard to the FED-UP program. When Agent Iardella arrived, the

defendant was brought out of a holding cell and placed in an interview room. At that time, Officer Schupp again advised the defendant of his <u>Miranda</u> rights by reading from a card that Schupp kept on his person; the text of the card reads as follows:

**MIRANDA ADVISEMENT**

1. You have the right to remain silent.
2. Anything you say can and will be used against you in a court of law.
3. You have the right to talk to a lawyer and have him present before and during any questioning.
4. If you cannot afford to hire a lawyer one will be appointed to represent you free of charge before and during any questioning if you wish.
5. You can decide at any time to exercise these rights and not answer any questions or make any statements.

**WAIVER**

(After the warning and in order to secure a waiver the following questions should be asked and an affirmative reply secured to each question)
1. Do you understand each of these rights I have explained to you?
2. Having these rights in mind do you wish to talk to us now?

7. After the contents of the above card were read to the defendant by Officer Schupp, the defendant answered in the affirmative to the last two questions.

8. The defendant then proceeded to give a self-serving statement where he indicated that the rifle belonged to Ms. Alfaro, and that she had placed the rifle in the rear yard of the apartment while he watched. He also stated that Ms. Alfaro found the rifle in an abandoned apartment, and that he handled and looked at the rifle when she found it. Further, the defendant indicated that thereafter Ms. Alfaro kept the rifle in the closet of the apartment and that he knew its location.

**Legal Argument**

9. The defendant does not specifically articulate the basis of his Motion – i.e., why the officers in question did not comply with the requirements of Miranda. A defendant must present "more than mere bald-faced allegations of misconduct" in order to require an evidentiary hearing on his motion to suppress. E.g., United States v. Voight, 89 F.3d 1050, 1067 (3d Cir. 1996). Indeed, "[a] district court may deny a motion to suppress without a hearing when the defendant fails to provide a factual basis for the hearing and merely relies upon the government's 'burden or proof to establish adequate *Miranda* warnings.'" United States v. Stoddart, No. 01-2183, 2002 WL 31260988 at **4 (3d Cir. Sept. 12, 2002) (quoting United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)). Accordingly, absent any further showing by the defendant, his motion should be denied without an evidentiary hearing.

10. Further, the defendant asserts that "any alleged statements made *before*, during, or subsequent to, his arrest should be suppressed" pursuant to the Miranda doctrine. (D.I. 16 ¶ 13) (emphasis added). The prophylactic requirements of Miranda, however, only apply to *custodial* interrogations. E.g., California v. Beheler, 463 U.S. 1121, 1124 (1983) ("The police are required to give *Miranda* warnings only 'where there has been such a restriction on a person's freedom as to render him "in custody."'") (citation omitted). Indeed, in order to trigger the government's burden to establish compliance with Miranda and its progeny, the defendant bears the burden of proving that he was in custody at the time he was interrogated. United States v. Charles, 738 F.2d 686, 692 (5th Cir. 1984) ("In the present instance, the defendants' burden required that at a minimum they demonstrate that the March 3 statements were obtained while they were under custodial interrogation.") overruled on other grounds by United States v. Bengivenga, 845 F.2d

593 (5th Cir. 1988). In the present case, with regard to any statements the defendant made prior to being placed in handcuffs, the defendant has failed to articulate (much less demonstrate) how the Miranda doctrine would be applicable to such statements.

11. In the event, however, the Court deems an evidentiary hearing necessary to resolve the defendant's motion, the government expects that it will meet the two-step test articulated in Moran v. Burbine, 475 U.S. 412, 421 (1986), namely that the defendant's waiver of his Miranda rights was the product of "a free and deliberate choice rather than intimidation, coercion or deception," and was made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421 (1986).

**WHEREFORE,** the United States requests that the Court deny, without a hearing, defendant's Motion to Suppress.

Respectfully submitted,

COLM F. CONNOLLY
UNITED STATES ATTORNEY

BY:_____/s/_____
Shawn A. Weede
Assistant United States Attorney

Dated: August 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>AARON L. HURTT,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:   Criminal Action No. 07-063-JJF<br>:<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

I, Shawn A. Weede, Assistant United States Attorney for the District of Delaware, hereby certify that on the 17th day of August, 2007, I caused to be electronically filed a **Response to Defendant's Motion to Suppress Statements** with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF.

                                                          /s/
                                         Shawn A. Weede
                                         Assistant United States Attorney