

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

October 4, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Aaron L. Hurtt**
            **Criminal Action No.   07-63-JJF**

Dear Judge Farnan:

      This letter concerns the defendant's Motion to Suppress Statements (D.I. 16). The Court held a Suppression Hearing concerning defendant's motion on August 22, 2007. On September 27, 2007, Mr. Bostic filed a letter with the Court, indicating that he did not intend to file a post-hearing brief, and that based on the facts presented at the Suppression Hearing, he could find no basis to further challenge the statement of his client to ATF Special Agent Diane Iardella on April 22, 2007 – the subject of the motion in question.[1] (D.I. 25). Further, Mr. Bostic indicated that the defendant intends to enter a plea to the charges against him. The government and the defense are currently working on terms for a Memorandum of Plea Agreement in this matter, but it is not yet final. Accordingly, since the government's post-hearing brief is due today, if the Court elects to rule on defendant's motion, the government submits the following to supplement its initial Response to Defendant's Motion to Suppress Statements (D.I. 20).

      The evidence presented at the Suppression Hearing clearly indicates that the defendant was given the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), and that he voluntarily waived his rights before speaking with Special Agent Iardella. Specifically, Officer Thomas Ragonese of the Wilmington Police Department testified that he personally witnessed another officer with his department, Officer Alex Shupp, read the defendant his Miranda rights verbatim from a card in his pocket (Government's Exh. 2), and that the defendant indicated that he understood those rights and wished to give a statement. (D.I. 24 at pp. 12-16). Further, Officer Ragonese testified that there were no circumstances surrounding the defendant's waiver that would call into question whether or

---

    [1]    At the Suppression Hearing, Mr. Bostic expressly limited his motion to this statement. (D.I. 24 at pp. 3-4).

not it was voluntary. (D.I. 25 at pp. 9-12 (indicating that the defendant was not handcuffed, did not appear to be under the influence of alcohol or medication, did not complain of any pain, and was only interviewed for approximately 18 minutes)). None of Officer Ragonese's testimony was controverted; indeed, it is corroborated by Defendant's Exhibit 2 – the non-audio videotape of the interview in question. Accordingly, defendant's Motion to Suppress Statements should be denied.

                                             Respectfully submitted,

                                             COLM F. CONNOLLY
                                             United States Attorney

                    BY:     /s/ Shawn A. Weede
                                             Shawn A. Weede
                                             Assistant United States Attorney

cc:     Edson A. Bostic, Esq.