### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-063-JJF |
| AARON L. HURTT, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, Aaron L. Hurtt, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count One carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) on or about April 22, 2007, he knowingly possessed a firearm, that is a .22 caliber Winchester rifle, Model number 1906, with the serial number 561985, (2) he had been convicted on or about September 7, 2004, of a felony crime punishable by imprisonment for a term exceeding one year; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines.

F I L E D

NOV 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, a .22 caliber Winchester rifle, Model number 1906, with the serial number 561985, and ammunition seized from him by police on or about April 22, 2007. The defendant further agrees to waive all interest in any such asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's

affirmative acceptance of responsibility is appropriate.

6. The defendant agrees to cooperate with the United States as follows:

   a. Defendant agrees to provide a videotaped statement/interview concerning, among other things, the facts of the instant offense, his guilty plea, as well as his sentencing and the consequences of his arrest and prosecution, which will be used by the United States to heighten community awareness to the dangers of possessing firearms. Defendant agrees to participate in the filming of this statement as directed by the United States.

   b. Defendant agrees that this statement may be used by the United States, its agents and assigns in perpetuity for any and all purposes, including but not limited to educational, promotional and deterrent purposes and in support of various law enforcement outreach initiatives including Operation FED UP, Project Safe Neighborhoods, and Operation Disarm programs.

   c. Defendant hereby knowingly, voluntarily and intelligently releases and waives any and all rights he has or may have in the videotaped statement/interview and/or its further use/exhibition by the United States and/or its agents and assigns.

7. If the United States, in its sole discretion, determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the United States agrees to describe fully Defendant's assistance under paragraph six (6) of this Agreement to the Court, and to recommend that Defendant receive a sentence below the guideline range. The United States retains discretion to make whatever specific sentence recommendation it deems appropriate.

8. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons'

administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Shawn A. Weede
Assistant United States Attorney

_____
Aaron L. Hurtt
Defendant

Dated: 10/19/07

AND NOW, this ___9___ day of ___November___, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

4